Ulyses Barnett HOOKS, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–102.

Court of Criminal Appeals of Oklahoma.

July 26, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant Ulyses Barnett Hooks, Jr., hereinafter referred to as defendant,

was charged, tried and convicted for the offense of Concealing Stolen Property, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–72–1444, his punishment was fixed at ten (10) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial William Bryant testified that on June 15, 1972, he operated a service station at 5101 N. Western in Oklahoma City. At approximately 5:00 a.m. he was called by the police and proceeded to his station. He observed that the back window had been broken and eight or nine tires and his tool box were missing. He subsequently recovered his tires and tool box at the police station and identified pictures of them in court. The tires bore his price code and a price tag.

Officer Taylor testified that at approximately 4:15 a.m. on the morning in question he received a call for assistance. He proceeded to the 1900 block on northeast 53rd, where he assisted Officers Rogers and Smith in making an arrest. He observed four new tires in the back seat of a white Chevrolet. Five other new tires and a tool box were found in the trunk of the car. He and his partner commenced checking service stations for a possible burglary and found that a window was broken out of a station at 5101 N. Western.

Officer Smith testified that in the early morning hours of June 15, 1972, he observed a 1964 Chevrolet leave a stop sign at Grand Boulevard and N. Eastern at a fast rate of speed. He took pursuit and finally stopped the vehicle at 1900 N.E. 53rd street. He wrote a traffic citation for the driver, one Curtis Allen, and observed four new tires still bearing the sales slip and sticker on the back seat of the car. The defendant, then a passenger in the automobile, stated that he bought the tires from some unknown individual at the Red Pussy Cat.

Officer Rogers' testimony did not differ substantially from Officer Smith.

Defendant did not testify nor was any evidence offered in his behalf. The previous convictions were stipulated.

 The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. We are of the opinion that the sentence, although the maximum, is not so excessive as to shock the conscience of this Court. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.